**UNITED STATES of America,**
Appellee,

v.

**Alexander Garcia SANCHEZ,**
**Defendant–Appellant.**

No. 02–1476.

United States Court of Appeals,
Second Circuit.

Oct. 15, 2003.

---

Geoffrey S. Stewart, New York, NY, for Defendant–Appellant.

David J. Berardinelli, Assistant U.S. Attorney, New York, N.Y. (James B. Comey, U.S. Attorney, Adam B. Siegel, Assistant U.S. Attorney, on brief), for Appellee.

Present: JACOBS, POOLER, and WESLEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be **AFFIRMED.**

Alexander Garcia Sanchez ("Defendant") appeals from a judgment of conviction in the United States District Court for the Southern District of New York (Baer, *J.*), entered on July 30, 2002. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

The plea allocution of a co-conspirator is properly admitted at trial as a statement against penal interest, pursuant to Fed. R.Evid. 804(b)(3). It may be considered by the jury, as here, as evidence of the existence and scope of the conspiracy. *See United States v. Moskowitz,* 215 F.3d 265 (2d Cir.2000); *United States v. Williams,* 927 F.2d 95 (2d Cir.1991).

We find no error in the admission of the plea allocution of Henry Vargas Sanchez because it contained sufficient "guarantees of trustworthiness" to satisfy the mandate of the Confrontation Clause. *See Lilly v. Virginia,* 527 U.S. 116, 124–25, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999). The allocution was given under oath, in federal court, before the same judge who presided over Defendant's trial. The redacted allocution included only self-inculpatory statements, and excluded any direct reference to Defendant. Moreover, the trial court gave a proper limiting instruction.

We have considered each of Defendant's arguments and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**